## Zeldin et al., etc., v. Penn Fruit Company

*Marvin H. Levin,* for plaintiffs.

*Richard W. Hopkins* of *White, Williams & Scott,* for defendant.

OLIVER, P. J., September 28, 1954.—Plaintiffs filed a suit against defendant alleging damages due to a fall caused by a foreign substance on the floor of defendant's store. Defendant filed interrogatories in April 1954. They were objected to and the matter was heard under the then existing rules of discovery.

Judge Crumlish of this court thereupon entered an order denying defendant's requests.

On July 2, 1954, defendant served plaintiff, Ella Zeldin, with a notice to appear for oral depositions on July 15, 1954. This defendant had the right to do

under rule 4007(b), effective July 1, 1954. On July 9, 1954, plaintiff filed a motion under rule 4012 to limit or prohibit the oral examination. The court has this motion before it.

Pa. R. C. P. 4005, as it existed before July 1, 1954, read:

"Subject to the limitations provided by Rule 4011, the court on petition of any party may allow the serving of written interrogatories approved by the court to be answered by an adverse party to discover facts, including the existence and location of tangible things."

Pa. R. C. P. 4011(c) provided:

"No discovery or inspection shall be permitted which . . . (c) would disclose facts or the existence or location of tangible things, other than the identity and whereabouts of witnesses, which

"(1) are not relevant and material to the subject matter of the pending action;

"(2) are not competent or admissible as evidence;

"(3) are known to the petitioner, or the means of obtaining knowledge of which he can be reasonably expected to have;

"(4) are not necessary to prepare the pleadings or prove a prima facie claim or defense of the petitioner".

Defendant has abandoned any attempt to obtain information by written interrogatory. It now seeks information by oral deposition under rule 4007(a), which reads:

"Any party may take the testimony of any person, including a party, for the purpose of discovery by deposition upon oral examination or written interrogatories of the identity and whereabouts of witnesses. Subject to the limitations provided by Rule 4011, the deponent may also be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the action *and will sub-*

*stantially aid in the preparation of the pleadings or the preparation or trial of the case."* (Italics supplied.)

Rule 4011(c), stated above, has been eliminated from the new rules of discovery which became effective July 1, 1954. The elimination of that section and the amending of rule 4007 have greatly broadened the scope of pretrial discovery. The problem in this case is to determine whether the scope of discovery has been broadened sufficiently to permit defendant to obtain the desired information from plaintiff.

Defendant seeks to question plaintiff as to the identity and whereabouts of any witnesses to the occurrence. It also seeks to question plaintiff regarding the facts involved in the accident and to obtain the names and addresses of any persons who were familiar with the condition of the floor on or prior to the date on which the accident occurred. In its written interrogatories defendant asked plaintiff, Ella Zeldin, to furnish certain income tax returns and also the books and records of her partnership. However, discovery under rule 4007 upon which defendant is proceeding excludes the production and inspection of documents and other tangible things. That is covered by rule 4009 and may be obtained only by order of court upon motion of a party. Therefore, that need not concern us here.

Under cases decided prior to July 1, 1954, there is no doubt that defendant would not be entitled to most of the information it seeks. Rule 4011(c)(3) and (4) was effective in limiting the scope of pretrial discovery. That rule provided that discovery of facts known to petitioner, or the means of obtaining knowledge of which he could reasonably be expected to have, would not be permitted. Neither would discovery of facts be permitted if such facts were not necessary to prepare or prove a prima facie claim or defense of the petitioner. Those two subsections when read together resulted in a rather narrow scope of discovery.

For example, a defendant storekeeper could not interrogate a plaintiff as to how an accident happened in his store, because he was presumed to know the condition of his own premises: Singer et vir v. Kitty Kelly Market Street Corporation, 81 D. & C. 383 (1952); Harris v. Sun Ray Drug Co., 86 D. & C. 42 (1953). Nor could a defendant interrogate plaintiff and his witnesses about an automobile accident, since defendant was present and therefore must have known all about it: Franco v. Riddle et al., 86 D. & C. 79 (1953). Similarly, a plaintiff could not take the deposition of defendant, unless he specifically averred that he did not know the facts of the accident: Barlow v. Waples et al., 82 D. & C. 1 (1952). Finally, in one case the court applied the extreme principle that a plaintiff is presumed to be in possession of sufficient facts to prove everything he has pleaded: Byberg v. Lyman Felheim Company et al., 81 D. & C. 417 (1951).

Section 4011 (c) has been eliminated. The remainder of section 4011 has been left intact but concerns only such limitations as bad faith, unreasonable annoyance and privileged matter which need not concern us here. The only two limitations contained in the amended rule 4007 are "relevancy" and "substantial aid". If the information sought is relevant to the subject matter involved in the action, and will substantially aid in the preparation of the pleadings, or the preparation or trial of the case, depositions should be permitted.

Clearly, the information sought by defendant is relevant to the subject matter involved in the action. Our only question then is, will such information substantially aid defendant in the preparation or trial of this case? There are, as yet, no recorded decisions dealing with this issue. Therefore, we have found it helpful to consult the commentary by Philip W. Amram, to this section of the Rules of Civil Procedure, found

in 3 Goodrich-Amram Standard Pa. Practice. Mr. Amram writes:

"Will it substantially aid a defendant in preparing his case for trial to secure from the plaintiff details of the plaintiff's out of pocket expenses, medical expenses, loss of pay and earnings? Will it substantially aid a defendant, in preparing his case for trial, to examine the plaintiff on the facts involved in the accident to determine whether the plaintiff has been guilty of contributory negligence? If these questions are faced without any of the road blocks of the practice under the original rules, how can they be answered in the negative? Can there be any matters in a routine trespass case which could possibly be of more substantial aid? When these questions are raised in those courts which forbade such inquiry under the original 1951 rules, the prior adverse rulings should be flatly overruled."

However, Mr. Amram points out that the new rules do not mean there is now unlimited scope of discovery in Pennsylvania. "Substanially aid" is a limiting phrase and must be so interpreted. A balance must be struck between the system under the original 1951 rules and the Federal system which permits virtually unlimited discovery. It is for each judge, in the light of his experience, to determine where to draw the line in this new penumbral zone. He must weigh the benefits to the inquirer of free scope of discovery against the possible undue harrassment, embarrassment, and expense caused deponent.

Accordingly, we will permit defendant to attempt, by oral deposition, to obtain information from plaintiff, Ella Zeldin, regarding names and addresses of witnesses to the occurrence. Also, defendant may ask about the facts involved in the accident for the purpose of determining possible contributory negligence. Finally, defendant may seek to obtain information

regarding plaintiff's expenses and loss of earnings. Beyond this, we will not permit the examination to extend.

And now, September 28, 1954, rule absolute. Leave is granted defendant to take the oral deposition of Ella Zeldin in this matter within the limitations set by this opinion. Time and place of the taking of such deposition to be arranged between counsel.